**20SL-CC00075**

Electronically Filed - St Louis County - December 23, 2019 - 04:35 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| VALARIE PORTER, | ) |
| | ) |
| Plaintiff, | ) Cause No. |
| vs. | ) |
| | ) |
| ENERCON INDUSTRIES | ) |
| CORPORATION, | ) |
| | ) |
| Serve: REGISTERED AGENT | ) |
| G&K WISCONSIN SERVICES, LLC | ) |
| 833 EAST MICHIGAN STREET, SUITE 1800 | ) |
| MILWAUKEE, WI 53202 | ) |
| | ) |
| Defendant. | ) |

## PETITION PRODUCT LIABILITY
## COUNT I – NEGLIGENCE

COMES NOW Plaintiff, Valarie Porter, by and through her attorneys, Robert H. Pedroli, Jr. and

Pedroli & Gauthier, LLC and for Count I against Enercon Industries Corporation., hereby states to the

Court as follows:

1.      That Valarie Porter, hereafter sometimes referred to herein as "Porter" or "Plaintiff" is a

resident of the State of Missouri at all times mentioned herein; and Plaintiff Porter at all times

mentioned herein was an employee of Vi-Jon, Inc. until she was terminated in July, 2019 due to her

inability to return to work due to her injuries as hereinafter described.

2.      That Enercon Industries Corporation, hereinafter sometimes referred to herein as

"Enercon," or "Defendant," is at all times herein mentioned a corporation, incorporated in the State of

Wisconsin, which designs, manufactures, sells and otherwise distributes into the stream of commerce

induction cap sealers as part of its ordinary business.

3.      That Enercon, designed, manufactured, sold, distributed and placed into the stream of

commerce to Vi-Jon Laboratories in St. Louis County, State of Missouri an Induction Cap Sealer, that

EXHIBIT 1

1

Electronically Filed - St Louis County - December 23, 2019 - 04:35 PM

based upon information and belief is a Super Seal 100, Series 0071-001-01, model LM4481, serial number C86918-01, hereinafter sometimes referred to as "Sealer,".

4.     That the aforementioned Enercon Induction Cap Sealer uses an electromagnetic current which in a sealing process, which process generates heat to metals which are under the sealing head of the Sealer; the sealing process causes polymer coated foil to increase in temperature causing the heated polymer adhesive on the foil located under the lid to seal the foil over the container's opening.

5.     The Sealer is made so it can be used on an assembly/production line for the purpose of sealing a high volume of containers passing under the sealing head of the machine on a conveyor belt or assembly.

6.     It was foreseeable to Enercon that: the Sealer would be used for containers containing flammable or combustible product; and it was foreseeable that any containers on a production conveyer line would become stalled due to blockages, backups or jams, thereby causing product to stall under the sealing head; and the foil and container would therefore become overheated to the point of ignition and/or explosion. Thus, Enercon designed a "motion detection system" or "stalled bottle detection" system, hereinafter referred to as "safety sensor system" which was available for an option for an additional price and the safety sensor system would recognize stalled containers under the sealing head and power down the Sealer to prevent overheating of items under the sealer head.

7.     That on July 27, 2018, Vi-Jon, Inc., which was a company related to the Sealer's original purchaser and is the current owner or possessor of the Sealer, was running a production conveyor line of containers of acne pads containing flammable contents using the Sealer to seal foil to the container lip, and a product backup or jam occurred on the production line and the containers became backed up and stalled on the production line conveyor belt under the sealing head of the Sealer.

Electronically Filed - St Louis County - December 23, 2019 - 04:35 PM

8.      The aforementioned containers stalled under the sealing head of the Sealer, which did not contain the safety sensor system mentioned above, became overheated and exploded causing flames to emanate and flash onto Plaintiff, who was nearby, causing Plaintiff to suffer serious and severe burns on a substantial portion of her face, neck, arm, ears, hand fingers and body.

9.      That at the time the Sealer was designed, manufactured, sold, distributed and placed in the stream of commerce, the Sealer was not reasonably safe and therefore was dangerous for the reasonably anticipated uses for which it was manufactured and it was foreseeable that physical harm would be caused as a result of the condition of the Sealer and the failure of Enercon to exercise ordinary care for the reasons stated infra in paragraph #10.

10.     That Defendant, Enercon, negligently failed to use reasonable and ordinary care when it designed, manufactured, sold, distributed and placed into the stream of commerce, the Sealer, in the following respects, to wit:

a) That the Sealer did not have a guard or shield in place to protect the production line workers and persons in proximity to the sealing head from being burned and injured from explosions or fires emanating from under the sealer head.

b) The Sealer was received by the user without a guard or shield mentioned in sub-paragraph a, above, and did not contain an adequate warning of the dangers of overheating products under the sealing head.

c) The Sealer was designed, manufactured and sold without the safety sensor system, so that the Sealer would turn the power off when containers became stalled or accumulated under the sealing head.

d) That Enercon designed a safety sensor system which would cause the Sealers to power down, stopping the electromagnetic current when containers backed up or accumulated

Electronically Filed - St Louis County - December 23, 2019 - 04:35 PM

under the sealing head, but Enercon did not include this safety sensor system into the Sealer in issue or other of their Sealers as a standard feature without extra payment.

e)  That Enercon did not warn purchasers and users of the risks created when the safety sensor system identified in (d), above, was not incorporated into the Sealer, including that there was a risk of fire, explosion, serious injury or death if the aforesaid safety sensor system was not incorporated into its Sealers.

f)  That Enercon did not warn about the dangers of purchasing the Sealer without the safety sensor system mentioned in (d) and therefore the Sealer was dangerous and defective without knowledge of the absence of this safety sensor system.

g)  That Enercon did not adequately and properly warn of and instruct about the conduct and hazards mentioned in each sub-paragraph from a-f, above.

h)  That Enercon failed to provide adequate warnings about the risk of fire, explosion, overheating during backups of containers under the sealing head.

i)  That Enercon failed to incorporate an accessible emergency stop button on the Sealer for times when a backup under the Sealer occurred.

j)  That Enercon failed to provide adequate warnings about the dangers stated above and the safe operation of the Sealer.

k)  That Enercon failed to provide the necessary training curriculum to purchasers to train the operators about the safe operation of the Sealer.

l)  That Enercon failed to design the Sealer so that the Sealer would power down when containers jammed or accumulated under the sealer head.

4

Electronically Filed - St Louis County - December 23, 2019 - 04:35 PM

11.    That the negligence stated in paragraph 10, above, made the condition of the Sealer defective and dangerous, and Enercon had direct knowledge of these defects and dangerous conditions of the Sealer.

12.    That the aforesaid acts of negligence as aforesaid directly caused or contributed to cause the damage and injuries to Plaintiff Porter.

13.    That as a direct and proximate result of Defendant Enercon's negligence, Plaintiff Valarie Porter was burned on her face, head, ear, neck, torso, arm, elbow, wrist, ear, hand, fingers, that Porter suffers post traumatic distress, emotional damages, mental anguish, disfigurement, scarring, raised keloid scarring about her body including her leg and thigh due to skin harvesting and Plaintiff has lost strength and range of motion and all of Plaintiff's injuries are painful.

14.    That as a direct and proximate result of Defendant Enercon's negligence, Plaintiff has incurred in the past and will incur in the future medical expenses for surgeries, medical treatment, medications, hospitalizations and physical and occupational and other therapies and all of Plaintiff's injuries pain and damages are permanent and progressive.

15.    That as a direct and proximate result of Defendant Enercon's negligence, Plaintiff has lost past and future wages, earning and the ability to earn wages and an income and Plaintiff has been terminated from her job she held when she was burned due to her injuries and prior to her release from medical treatment.

WHEREFORE, Plaintiff Valarie Porter prays judgment against Defendant, Enercon Industries Corporation, in an amount in excess of Twenty-five Thousand Dollars ($25,000.00), together with her costs herein expended, and any further relief this Court deems just and proper.

Electronically Filed - St Louis County - December 23, 2019 - 04:35 PM

## COUNT II-PUNITIVE DAMAGES

Comes now Valarie Porter, by and through her attorneys Pedroli & Gauthier, LLC and for Count II, for Punitive Damages against Enercon Industries Corporation., hereby states to the Court as follows:

1.      That Plaintiff incorporates each and every paragraph contained in Count I of the petition as though fully set forth herein.

2.      That at the time of Enercon's sale and placement of the Sealer into the stream of commerce Enercon knew of the dangerous and defective condition of the Sealer as stated in paragraph # 10 of Count I, and therefore the conduct of placing the Sealer into the stream of commerce showed complete indifference to or conscious disregard for the safety of others, including the ultimate user, Plaintiff.

3.      The conduct of Enercon showed complete indifference to or conscious disregard for the safety of others, including plaintiff.

4.      Plaintiff seeks an award for punitive damages to serve to punish Enercon and to deter defendant and others from like conduct.

WHEREFORE, Plaintiff Valarie Porter prays judgment against Defendant, Enercon Industries Corporation, in the amount of $10,000,000.00 (Ten Million Dollars) together with her costs herein expended, and any further relief this Court deems just and proper.

## COUNT III-STRICT LIABILITY PRODUCT DESIGN DEFECT/WARNING

Comes now Valarie Porter, by and through her attorneys Pedroli & Gauthier, LLC and for Count III against Enercon Industries Corporation., hereby states to the Court as follows:

1.      That Plaintiff incorporates each and every paragraph contained in Count I of the petition as though fully set forth herein.

2.      That Enercon sold the Sealer in the course of Enercon's business.

Electronically Filed - St Louis County - December 23, 2019 - 04:35 PM

3.      The Sealer was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, in each of the respects stated in Paragraph #10 of Count I, above, which are incorporated here.

4.      That at the time of the Plaintiff's injuries and damages, the Sealer was being used in a manner reasonably anticipated by Enercon.

5.      That the failure to incorporate the safety system motion detection stalled bottle detector as a standard feature and to require extra payment for a safety feature is an additional product defect, as the Sealer without this safety system is defective and unreasonably dangerous.

6.      That the Sealer was unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, as stated in Paragraph 10 in Count I and paragraph 5, above, and its danger of creating ignition, fire, explosion of containers stopped under the sealing head.

7.      That Enercon did not give an adequate waring of the aforementioned dangers and dangerous characteristics.

8.      Plaintiff was damaged as aforesaid, as a direct result of such defective condition and as a direct result of the failure to warn as stated above as the Sealer existed when the Sealer was sold.

9.      Plaintiff was damaged as aforesaid as a direct result of being sold without an adequate warning.

10.     That as a direct and proximate result of Defendant, Enercon's sale of a dangerous and defective product without adequate warning of those dangerous and defects, Plaintiff Valarie Porter was burned on her face, head, ear, neck, torso, arm, elbow, wrist, hand, fingers, that Porter suffers post traumatic distress, emotional damages, mental anguish, disfigurement, scarring, raised keloid scarring

Electronically Filed - St Louis County - December 23, 2019 - 04:35 PM

about her body including her leg and thigh due to skin harvesting and Plaintiff has lost strength and range of motion and all of Plaintiff's injuries are painful.

11.     That as a direct and proximate result of Defendant, Enercon's sale of a dangerous and defective product without adequate warning of those dangerous and defects, Plaintiff has incurred in the past and will incur in the future medical expenses for surgeries, medical treatment, medications, hospitalizations and physical and occupational and other therapies and all of Plaintiff's injuries pain and damages are permanent and progressive.

12.     That as a direct and proximate result of Defendant, Enercon's sale of a dangerous and defective product without adequate warning of those dangerous and defects, Plaintiff has lost past and future wages, earning and the ability to earn wages and an income and Plaintiff has been terminated from her job she held when she was burned due to her injuries and prior to her release from medical treatment.

WHEREFORE, Plaintiff Valarie Porter prays judgment against Defendant, Enercon Industries Corporation, in an amount in excess of Twenty-five Thousand Dollars ($25,000.00), together with her costs herein expended, and any further relief this Court deems just and proper.

## COUNT IV-PUNITIVE DAMAGES

Comes now Valarie Porter, by and through her attorneys Pedroli & Gauthier, LLC, and for Count IV, for Punitive Damages against Enercon Industries Corporation, hereby states to the Court as follows:

1.     That Plaintiff incorporates each and every paragraph contained in Count I, II and III of the Petition as though fully set forth herein.

2.     That at the time of Enercon's sale and placement of the Sealer into the stream of commerce Enercon knew of the dangerous and defective condition and of the failure to provide an adequate warning of the characteristic of the Sealer as stated in Counts I, II and III, and therefore the

Electronically Filed - St Louis County - December 23, 2019 - 04:35 PM

conduct of placing the Sealer into the stream of commerce showed complete indifference to or conscious disregard for the safety of others, including the ultimate user, Plaintiff.

3.      The conduct of Enercon showed complete indifference to or conscious disregard for the safety of others, including plaintiff.

4.      Plaintiff seeks an award for punitive damages to serve to punish Enercon and to deter defendant and others from like conduct.

WHEREFORE, Plaintiff Valarie Porter prays judgment against Defendant, Enercon Industries Corporation, in the amount of $10,000,000.00 (Ten Million Dollars) together with her costs herein expended, and any further relief this Court deems just and proper.


Robert H. Pedroli, Jr. #34257
Daniel J. Gauthier #37375
Eric A. Ruttencutter #38883
PEDROLI & GAUTHIER, LLC
130 S. Bemiston Ave. Suite 300
Clayton, MO 63105
314/726-1817
314/726-6087
mylegalworld@sbcglobal.net



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN D WARNER JR | Case Number: 20SL-CC00075 |
|---|---|
| Plaintiff/Petitioner:<br>VALARIE PORTER | Plaintiff's/Petitioner's Attorney/Address:<br>ROBERT H. PEDROLI JR.<br>7777 BONHOMME<br>SUITE 2250<br>CLAYTON, MO 63105 |
| vs. | |
| Defendant/Respondent:<br>ENERCON INDUSTRIES CORPORATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | |

**RECEIVED**
JAN 21 2020
GODFREY & KAHN S.C.

FOR STATE PROCESS SERVICE, INC.
Time of Service  10·38   am pm
Date of Service  1/21/20
(Date File Stamp)
Crystal Aircress

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:** ENERCON INDUSTRIES CORPORATION
              **Alias:**

R/A G&K WISCONSIN SERV LLC
833 E MICHIGAN STREET STE 1800
MILWAUKEE, WI 53202

at 833 E Michigan
Milw WI
{ } Personal Service   | Substitute personal service
    | Corporate Service   | Posting

**COURT SEAL OF**

**ST. LOUIS COUNTY**

    You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
    **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

07-JAN-2020
**Date**
**Further Information:**
AD

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
    ☐ the judge of the court of which affiant is an officer.
*(Seal)*  ☐ authorized to administer oaths in the state in which the affiant served the above summons.
    (use for out-of-state officer)
    ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| **Service Fees, if applicable** | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Mileage | $ | ( _____ miles @ $ _____ per mile) |
| Total | $ | |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

**20SL-CC00075**

Electronically Filed - St Louis County - December 23, 2019 - 04:35 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| VALARIE PORTER, | ) |
| | ) |
| Plaintiff, | ) Cause No. |
| vs. | ) |
| | ) |
| ENERCON INDUSTRIES | ) |
| CORPORATION, | ) |
| | ) |
| Serve: REGISTERED AGENT | ) |
| G&K WISCONSIN SERVICES, LLC | ) |
| 833 EAST MICHIGAN STREET, SUITE 1800 | ) |
| MILWAUKEE, WI 53202 | ) |
| | ) |
| Defendant. | ) |

## PETITION PRODUCT LIABILITY
## COUNT I – NEGLIGENCE

COMES NOW Plaintiff, Valarie Porter, by and through her attorneys, Robert H. Pedroli, Jr. and

Pedroli & Gauthier, LLC and for Count I against Enercon Industries Corporation., hereby states to the

Court as follows:

1.     That Valarie Porter, hereafter sometimes referred to herein as "Porter" or "Plaintiff" is a

resident of the State of Missouri at all times mentioned herein; and Plaintiff Porter at all times

mentioned herein was an employee of Vi-Jon, Inc. until she was terminated in July, 2019 due to her

inability to return to work due to her injuries as hereinafter described.

2.     That Enercon Industries Corporation, hereinafter sometimes referred to herein as

"Enercon," or "Defendant," is at all times herein mentioned a corporation, incorporated in the State of

Wisconsin, which designs, manufactures, sells and otherwise distributes into the stream of commerce

induction cap sealers as part of its ordinary business.

3.     That Enercon, designed, manufactured, sold, distributed and placed into the stream of

commerce to Vi-Jon Laboratories in St. Louis County, State of Missouri an Induction Cap Sealer, that

1

Electronically Filed - St Louis County - December 23, 2019 - 04:35 PM

based upon information and belief is a Super Seal 100, Series 0071-001-01, model LM4481, serial number C86918-01, hereinafter sometimes referred to as "Sealer,".

4.      That the aforementioned Enercon Induction Cap Sealer uses an electromagnetic current which in a sealing process, which process generates heat to metals which are under the sealing head of the Sealer; the sealing process causes polymer coated foil to increase in temperature causing the heated polymer adhesive on the foil located under the lid to seal the foil over the container's opening.

5.      The Sealer is made so it can be used on an assembly/production line for the purpose of sealing a high volume of containers passing under the sealing head of the machine on a conveyor belt or assembly.

6.      It was foreseeable to Enercon that: the Sealer would be used for containers containing flammable or combustible product; and it was foreseeable that any containers on a production conveyer line would become stalled due to blockages, backups or jams, thereby causing product to stall under the sealing head; and the foil and container would therefore become overheated to the point of ignition and/or explosion. Thus, Enercon designed a "motion detection system" or "stalled bottle detection" system, hereinafter referred to as "safety sensor system" which was available for an option for an additional price and the safety sensor system would recognize stalled containers under the sealing head and power down the Sealer to prevent overheating of items under the sealer head.

7.      That on July 27, 2018, Vi-Jon, Inc., which was a company related to the Sealer's original purchaser and is the current owner or possessor of the Sealer, was running a production conveyor line of containers of acne pads containing flammable contents using the Sealer to seal foil to the container lip, and a product backup or jam occurred on the production line and the containers became backed up and stalled on the production line conveyor belt under the sealing head of the Sealer.

Electronically Filed - St Louis County - December 23, 2019 - 04:35 PM

8.    The aforementioned containers stalled under the sealing head of the Sealer, which did not contain the safety sensor system mentioned above, became overheated and exploded causing flames to emanate and flash onto Plaintiff, who was nearby, causing Plaintiff to suffer serious and severe burns on a substantial portion of her face, neck, arm, ears, hand fingers and body.

9.    That at the time the Sealer was designed, manufactured, sold, distributed and placed in the stream of commerce, the Sealer was not reasonably safe and therefore was dangerous for the reasonably anticipated uses for which it was manufactured and it was foreseeable that physical harm would be caused as a result of the condition of the Sealer and the failure of Enercon to exercise ordinary care for the reasons stated infra in paragraph #10.

10.    That Defendant, Enercon, negligently failed to use reasonable and ordinary care when it designed, manufactured, sold, distributed and placed into the stream of commerce, the Sealer, in the following respects, to wit:

a) That the Sealer did not have a guard or shield in place to protect the production line workers and persons in proximity to the sealing head from being burned and injured from explosions or fires emanating from under the sealer head.

b) The Sealer was received by the user without a guard or shield mentioned in sub-paragraph a, above, and did not contain an adequate warning of the dangers of overheating products under the sealing head.

c) The Sealer was designed, manufactured and sold without the safety sensor system, so that the Sealer would turn the power off when containers became stalled or accumulated under the sealing head.

d) That Enercon designed a safety sensor system which would cause the Sealers to power down, stopping the electromagnetic current when containers backed up or accumulated

3

Electronically Filed - St Louis County - December 23, 2019 - 04:35 PM

under the sealing head, but Enercon did not include this safety sensor system into the Sealer in issue or other of their Sealers as a standard feature without extra payment.

e) That Enercon did not warn purchasers and users of the risks created when the safety sensor system identified in (d), above, was not incorporated into the Sealer, including that there was a risk of fire, explosion, serious injury or death if the aforesaid safety sensor system was not incorporated into its Sealers.

f) That Enercon did not warn about the dangers of purchasing the Sealer without the safety sensor system mentioned in (d) and therefore the Sealer was dangerous and defective without knowledge of the absence of this safety sensor system.

g) That Enercon did not adequately and properly warn of and instruct about the conduct and hazards mentioned in each sub-paragraph from a-f, above.

h) That Enercon failed to provide adequate warnings about the risk of fire, explosion, overheating during backups of containers under the sealing head.

i) That Enercon failed to incorporate an accessible emergency stop button on the Sealer for times when a backup under the Sealer occurred.

j) That Enercon failed to provide adequate warnings about the dangers stated above and the safe operation of the Sealer.

k) That Enercon failed to provide the necessary training curriculum to purchasers to train the operators about the safe operation of the Sealer.

l) That Enercon failed to design the Sealer so that the Sealer would power down when containers jammed or accumulated under the sealer head.

4

Electronically Filed - St Louis County - December 23, 2019 - 04:35 PM

11.     That the negligence stated in paragraph 10, above, made the condition of the Sealer defective and dangerous, and Enercon had direct knowledge of these defects and dangerous conditions of the Sealer.

12.     That the aforesaid acts of negligence as aforesaid directly caused or contributed to cause the damage and injuries to Plaintiff Porter.

13.     That as a direct and proximate result of Defendant Enercon's negligence, Plaintiff Valarie Porter was burned on her face, head, ear, neck, torso, arm, elbow, wrist, ear, hand, fingers, that Porter suffers post traumatic distress, emotional damages, mental anguish, disfigurement, scarring, raised keloid scarring about her body including her leg and thigh due to skin harvesting and Plaintiff has lost strength and range of motion and all of Plaintiff's injuries are painful.

14.     That as a direct and proximate result of Defendant Enercon's negligence, Plaintiff has incurred in the past and will incur in the future medical expenses for surgeries, medical treatment, medications, hospitalizations and physical and occupational and other therapies and all of Plaintiff's injuries pain and damages are permanent and progressive.

15.     That as a direct and proximate result of Defendant Enercon's negligence, Plaintiff has lost past and future wages, earning and the ability to earn wages and an income and Plaintiff has been terminated from her job she held when she was burned due to her injuries and prior to her release from medical treatment.

WHEREFORE, Plaintiff Valarie Porter prays judgment against Defendant, Enercon Industries Corporation, in an amount in excess of Twenty-five Thousand Dollars ($25,000.00), together with her costs herein expended, and any further relief this Court deems just and proper.

5

Electronically Filed - St Louis County - December 23, 2019 - 04:35 PM

## COUNT II-PUNITIVE DAMAGES

Comes now Valarie Porter, by and through her attorneys Pedroli & Gauthier, LLC and for Count II, for Punitive Damages against Enercon Industries Corporation., hereby states to the Court as follows:

1.    That Plaintiff incorporates each and every paragraph contained in Count I of the petition as though fully set forth herein.

2.    That at the time of Enercon's sale and placement of the Sealer into the stream of commerce Enercon knew of the dangerous and defective condition of the Sealer as stated in paragraph # 10 of Count I, and therefore the conduct of placing the Sealer into the stream of commerce showed complete indifference to or conscious disregard for the safety of others, including the ultimate user, Plaintiff.

3.    The conduct of Enercon showed complete indifference to or conscious disregard for the safety of others, including plaintiff.

4.    Plaintiff seeks an award for punitive damages to serve to punish Enercon and to deter defendant and others from like conduct.

WHEREFORE, Plaintiff Valarie Porter prays judgment against Defendant, Enercon Industries Corporation, in the amount of $10,000,000.00 (Ten Million Dollars) together with her costs herein expended, and any further relief this Court deems just and proper.

## COUNT III-STRICT LIABILITY PRODUCT DESIGN DEFECT/WARNING

Comes now Valarie Porter, by and through her attorneys Pedroli & Gauthier, LLC and for Count III against Enercon Industries Corporation., hereby states to the Court as follows:

1.    That Plaintiff incorporates each and every paragraph contained in Count I of the petition as though fully set forth herein.

2.    That Enercon sold the Sealer in the course of Enercon's business.

6

Electronically Filed - St Louis County - December 23, 2019 - 04:35 PM

3.      The Sealer was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, in each of the respects stated in Paragraph #10 of Count I, above, which are incorporated here.

4.      That at the time of the Plaintiff's injuries and damages, the Sealer was being used in a manner reasonably anticipated by Enercon.

5.      That the failure to incorporate the safety system motion detection stalled bottle detector as a standard feature and to require extra payment for a safety feature is an additional product defect, as the Sealer without this safety system is defective and unreasonably dangerous.

6.      That the Sealer was unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, as stated in Paragraph 10 in Count I and paragraph 5, above, and its danger of creating ignition, fire, explosion of containers stopped under the sealing head.

7.      That Enercon did not give an adequate waring of the aforementioned dangers and dangerous characteristics.

8.      Plaintiff was damaged as aforesaid, as a direct result of such defective condition and as a direct result of the failure to warn as stated above as the Sealer existed when the Sealer was sold.

9.      Plaintiff was damaged as aforesaid as a direct result of being sold without an adequate warning.

10.     That as a direct and proximate result of Defendant, Enercon's sale of a dangerous and defective product without adequate warning of those dangerous and defects, Plaintiff Valarie Porter was burned on her face, head, ear, neck, torso, arm, elbow, wrist, hand, fingers, that Porter suffers post traumatic distress, emotional damages, mental anguish, disfigurement, scarring, raised keloid scarring

Electronically Filed - St Louis County - December 23, 2019 - 04:35 PM

about her body including her leg and thigh due to skin harvesting and Plaintiff has lost strength and range of motion and all of Plaintiff's injuries are painful.

11.     That as a direct and proximate result of Defendant, Enercon's sale of a dangerous and defective product without adequate warning of those dangerous and defects, Plaintiff has incurred in the past and will incur in the future medical expenses for surgeries, medical treatment, medications, hospitalizations and physical and occupational and other therapies and all of Plaintiff's injuries pain and damages are permanent and progressive.

12.     That as a direct and proximate result of Defendant, Enercon's sale of a dangerous and defective product without adequate warning of those dangerous and defects, Plaintiff has lost past and future wages, earning and the ability to earn wages and an income and Plaintiff has been terminated from her job she held when she was burned due to her injuries and prior to her release from medical treatment.

WHEREFORE, Plaintiff Valarie Porter prays judgment against Defendant, Enercon Industries Corporation, in an amount in excess of Twenty-five Thousand Dollars ($25,000.00), together with her costs herein expended, and any further relief this Court deems just and proper.

## COUNT IV-PUNITIVE DAMAGES

Comes now Valarie Porter, by and through her attorneys Pedroli & Gauthier, LLC, and for Count IV, for Punitive Damages against Enercon Industries Corporation, hereby states to the Court as follows:

1.     That Plaintiff incorporates each and every paragraph contained in Count I, II and III of the Petition as though fully set forth herein.

2.     That at the time of Enercon's sale and placement of the Sealer into the stream of commerce Enercon knew of the dangerous and defective condition and of the failure to provide an adequate warning of the characteristic of the Sealer as stated in Counts I, II and III, and therefore the

8

Electronically Filed - St Louis County - December 23, 2019 - 04:35 PM

conduct of placing the Sealer into the stream of commerce showed complete indifference to or conscious disregard for the safety of others, including the ultimate user, Plaintiff.

3.      The conduct of Enercon showed complete indifference to or conscious disregard for the safety of others, including plaintiff.

4.      Plaintiff seeks an award for punitive damages to serve to punish Enercon and to deter defendant and others from like conduct.

WHEREFORE, Plaintiff Valarie Porter prays judgment against Defendant, Enercon Industries Corporation, in the amount of $10,000,000.00 (Ten Million Dollars) together with her costs herein expended, and any further relief this Court deems just and proper.

Robert H. Pedroli, Jr. #34257
Daniel J. Gauthier #37375
Eric A. Ruttencutter #38883
PEDROLI & GAUTHIER, LLC
130 S. Bemiston Ave. Suite 300
Clayton, MO 63105
314/726-1817
314/726-6087
mylegalworld@sbcglobal.net

9